[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas petition, the petitioner claims that the respondent warden did not properly post his statutory good time at the commencement of his sentence, thereby unlawfully extending his period of confinement. Based on the evidence adduced at the hearing, the court makes the following findings and order.
The petitioner is presently an inmate confined to the custody of the Commissioner of Corrections serving a sentence of thirty years. He is confined pursuant to a mittimus issued on June 16, 1983 by the Superior Court, Judicial District of Stamford-Norwalk at Stamford in Docket No. CR20-01952 for the CT Page 234-H crime of Felony Murder in violation of Connecticut General Statute 53a-54c.
The crime for which the petitioner is serving the sentence was committed on March 23, 1982.
The petitioner had been held in pretrial custody for a period of three hundred fifty eight (358) days prior to the imposition of sentence. During this time period, the petitioner was awarded one hundred twenty (120) days for jail credit good time.
At the time the petitioner was incarcerated pursuant to the sentencing mittimus, the Department of Corrections posted his time sheet with forty two hundred (4200) days of statutory good time, three hundred fifty eight (358) days of jail credit time, and one hundred twenty (120) days of jail credit good time. This represented a commutation of the petitioner's sentence by a total of four thousand six hundred seventy eight (4678) days, or twelve (12) years and two hundred eighty eight (288) days. As a result, the Department of Corrections' time sheet for the petitioner indicated, on his first date of confinement pursuant to the mittimus, a prospective discharge date of August 24, 2000.
The petitioner asserts that the Department's calculation CT Page 234-I requires the petitioner to be incarcerated for five calendar years in order to earn statutory good time at the enhanced rate of twelve (12) days a month.
C.G.S. 18-7a(b) reads, in pertinent part, that: "Except as provided in subsection (c), any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1981, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence in the amount of ten days for each month and pro rata for a part of a month of a sentence up to five years, and twelve days for each month and pro rata for a part of a month for the sixth and each subsequent year of a sentence which is more than five years."
This section applies to the petitioner who was sentenced for an offense committed after July 1, 1981 but before July 1, 1983.
While the Supreme Court, in Seno v Commissioner, discussed a 1982 amendment to this Statute pertaining to inmates sentenced for offenses committed on or after July 1, 1983, the Court's discussion of the statute as it existed before the amendment is relevant to the petitioner's claim. 219 Conn. 269 (1991)
In Seno, the court noted that inmates sentenced to a term of CT Page 234-J imprisonment for an offense committed on or after July 1, 1981 but before July 1, 1982 received statutory good time according to C.G.S. 18-7a(b) in a manner the court referred to as the "posting method". Id. 275. As to the 1992 amendment, the Court noted that an objective of the legislature was to eliminate an irrational consequence of the posting system. The court stated;
 Because under the posting system, good time is credited at the outset of sentence, some prisoners receive good time for time that they, fact, never serve. As Representative Christopher Shays explained: `We compute good time [under 18-7a(a)] saying the person is going to serve the whole 10 years, so he earns 5 years based on 10 days a month and then he has 5 years based on 15 days a month, assuming that he is in jail for the whole ten years. . . . And so what you end up with is a sentence where an individual gets out before he even serves the full sentence earning the good time.' (citation omitted) For example, pursuant to the posting method, a prisoner sentenced to a term of seven years imprisonment is awarded good time for eighty-four months of service. If the prisoner exhibits good conduct and obedience and therefore, retains the good time, he will serve 54.4 months. The Prison and Jail Overcrowding Commission, "Prison and Jail Overcrowding: A Report to the Governor and Legislature," January, 1983. p. 70. Consequently, the prisoner receives good time for 29.6 months of time that he never serves. CT Page 234-K
Id., 278.
In reviewing the legislative history of C.G.S. 18-7a, the court also noted the comments of Senator Howard T. Owens who spoke in favor of the 1982 amendment.
 The Correction Department presently computes good time at the beginning of the prison term based upon the length of the sentence imposed. This bill would require that [for] persons sentenced for offenses committed on or after July one . . . the good time credit be computed according to time actually served rather than on the sentence imposed. This method of computing good time would result in longer confinement. Obviously, the intent of this legislation would be that in the event anyone who is sentenced after July one that the ten days or the twelve days respectively, whatever the case may be, credit would actually be imposed on the time actually served rather than on the sentence imposed.
Id. 279-280.
The court concluded that although the 1982 amendment was intended to do away with the posting method so that inmates sentenced after 1983 would only earn good time as they served CT Page 234-L their sentences, the amendment was not intended to change the practice of determining the time at which the enhanced rate of good time commences on the basis of the sentence imposed. Thus, in concluding that C.G.S. 18-7a(c) requires that the respondent calculate a prisoner's sentence at the enhanced rate once his confinement time and statutory good time total five years, the court affirmed and ratified the practice for those sentenced under C.G.S. 18-7a(a) and 18-7a(b) as well.
The petitioner's time sheet reflects posting of a total of four thousand two hundred (4200) days of statutory good time, the components of which are six hundred (600) days for the first five years of his sentence at the rate of ten (10) days a month and thirty six hundred (3600) days for the latter twenty five years of his sentence at the enhanced rate of twelve (12) days a month. Thus, in fulfillment of the 1982 legislature's concerns, the petitioner, by the posting method, was credited at the outset of his sentence with statutory good time applicable to a portion of his sentence he will not serve unless he suffers a recission of good time. Additionally, the petitioner was credited with the pre-conviction jail time he served and the jail credit good time associated with this period of pre-conviction confinement.
During the course of the hearing, the petitioner, through counsel, provided the court with a calculation through which he CT Page 234-M has attempted to demonstrate that the Respondent owes him an additional thirty (30) days of statutory good time credit. It is the petitioner's claim that the Department has erroneously posting statutory good time at the lower rate of ten (10) days a month for a total of sixty (60) months and at the enhanced rate of twelve (12) days a month for three hundred (300) months. He asserts that the statutory good time posted at the beginning of his sentence should have been forty five (45) months at ten (10) days a month and three hundred fifteen (315) months at twelve (12) days a month. The court agrees. The court finds that the respondent's manner of calculation is erroneous because it does not properly factor the petitioner's pre-conviction jail time and jail time credit in determining the start date for enhanced statutory good time. The court finds that the petitioner's entitlement to statutory good time at the enhanced rate commenced once his confinement time and statutory good time equaled five years, or one thousand thirteen hundred forty seven (1347) days from the date of his confinement pursuant to the sentencing mittimus. This determination is made by subtracting the petitioner's jail credit and jail credit good time totalling four hundred seventy eight (478) days from one thousand eight hundred twenty five (1825) days, or five years. Accordingly, the proper posting of the petitioner's time sheet should reflect one thousand thirteen hundred forty seven (1347) days, or approximately forty five (45) months at the rate of ten (10) days CT Page 234-N a month, and three hundred fifteen (315) months (the difference between 360 and 45 months) at the enhanced rate of twelve (12) days a month for a total of four thousand two hundred thirty (4230) days statutory good time. It is the court's view that even though the Department has properly credited the petitioner with his pre-conviction jail time and jail credit statutory good time, the automatic breakdown of his thirty year sentence into components of five years and twenty five years for the posting of statutory good time makes meaningless the mandate expressed inSeno that enhanced statutory good time starts after all confinement time and statutory good time equals five years.
Accordingly, the petition is granted. The respondent is ordered to amend the petitioner's time sheet to reflect posting at the commencement of his sentence of four thousand two hundred thirty (4230) days of statutory good time in addition to jail credit time of three hundred fifty eight (358) days and jail credit good time of one hundred and twenty (120) days.
Bishop, J. CT Page 234-O